IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD L. SMITH,

        Plaintiff,                         No. CIV S-12-0024 GGH P

    vs.

CALIFORNIA STATE PRISON - SACRAMENTO, et al.

        Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff previously filed a complaint seeking relief under 42 U.S.C. § 1983, which complaint remains pending under case number 10-cv-0766 KJM DAD (the "First Action").[1] On December 1, 2011, plaintiff filed a second amended complaint in 10-cv-0766. See Case No. 10-cv-0766, Doc. No. 59. By order entered January 5, 2012, the court directed the

---

[1] Defendants filed a motion to dismiss the action under Federal Rule of Civil Procedure 12(b) alleging that plaintiff failed to exhaust his administrative remedies. See Case No. 10-cv-0766, Doc. No. 20. On November 20, 2011, the magistrate judge assigned to the First Action issued Findings and Recommendations that the motion to dismiss be granted. See Case No. 10-cv-0766, Doc. No. 57. Plaintiff's second amended complaint was subsequently filed on December 1, 2011.

1

Clerk to open a separate action and to file the second amended complaint in the new action. See Case No. 10-cv-0766, Doc. No. 60. The second amended complaint is accordingly the operative complaint in this new action, which has been assigned to the undersigned.

Plaintiff was granted leave to proceed in forma pauperis in case no. 10-cv-0766. Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee in this new action. See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A.

Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969).

The complaint raises thirteen numbered counts against twenty-three separate defendants. In addition, some actors identified in the plaintiff's complaint are not named as defendants in the action. Furthermore, the allegations raised in the Complaint are largely conclusory and vague, and do not appear to stand on their own, as required by Local Rule 220. Instead, plaintiff appears to be building on the allegations and exhibits he submitted in prior complaints, which were the subject of the First Action. On September 16, 2010, the court advised plaintiff of Local Rule 220's requirement that each complaint be complete in itself, see Case No. 10-cv-0766, Doc. No. 9; therefore, the court will review the current operative complaint without reference to previously-filed complaints or exhibits.

Summary of the Individual Claims

Eighth Amendment: Failure to Protect from Harm (Counts 1 and 4)

Plaintiff alleges that he is an HIV positive inmate housed at CSP-Sac who was stabbed by his cellmate on an unspecified date. Plaintiff claims that defendants A. Masuret, T. Woods, J. Bal and V. Muni knew of plaintiff's medical ailments and disability but failed to protect him from harm, in violation of the Eighth Amendment. Plaintiff claims that the Warden

has declared his HIV to be covered by the American with Disabilities Act (the "ADA"), and that Dr. Nanagalama issued a "single cell chrono" on April 24, 2009, but that defendants placed plaintiff with a violent cellmate anyway, resulting in the attack on plaintiff.  Plaintiff claims that defendant Officer Harvey forced him to accept a cellmate.

Plaintiff additionally alleges that Sgt. Baker, who is not named as a defendant, also knew of plaintiff's ailments and disability but failed to protect plaintiff from harm.  Plaintiff alleges that Sgt. Baker authorized the assailant cellmate to be placed with plaintiff even though Sgt. Baker knew the cellmate's violent history.

Plaintiff further alleges that Mr. Schroeder, Mr. Macober, and Mr. Hontz, who are also not named as defendants, used deceptive practices to get plaintiff to sign off on placement with an enemy.

Sgt. Baker, Mr. Schroeder, Mr. Macober, and Mr. Hontz are included in the narrative portions of plaintiff's complaint, but they are not specifically named as defendants in the action. See Complaint, p. 2, Section III "Defendants."  All four were previously named as a defendant in the First Complaint; however, as noted above, this complaint is being reviewed as a complete document in itself and cannot be supplemented by previously filed documents.

First Amendment: Retaliation (Count 1)

Plaintiff alleges that after he filed complaints against the medical staff, defendants Bal, A. Deems and D. Winslow "use[d] a CODE OF SILENCE to cover it up." See Complaint at 6.  Plaintiff does not describe the cover-up, nor does he allege what adverse action defendants Bal, A. Deems, and D. Winslow took, or how their purported cover-up chilled his exercise of his First Amendment rights.

Eighth Amendment: Failure to Provide Adequate Medical Care (Count 2)

Plaintiff alleges that he is not receiving adequate medical care at CSP-Sac.  He claims that the "medical policy" is dangerous and inhumane because he receives half his medications in the morning, and he is required to hold the medications until evening.  He argues

4

that the medication policy effects his immune system, though he does not specify how.  He also claims that CSP-Sac medical officers are deliberately indifferent to the side effects of his medication.

Plaintiff additionally alleges that defendant Bal refused to let plaintiff have a medical marijuana card.  Plaintiff argues that the state does not prohibit his having one.

Eighth Amendment: Conditions of Confinement (Count 2)

Plaintiff alleges that CSP-Sac policy refuses to allow HIV inmates necessary diets, chairs, shoes, lotions, soaps, and other medical necessities.  Plaintiff argues that HIV is an illness under the American with Disabilities Act ("ADA"), and that the prison's policies violate the ADA.  However, he does not say whether he was ever actually refused an item that he needed, and if so, what the item was, when it was denied, and who refused it.

Equal Protection: Disparate Treatment between EOP and HIV Prisoners (Count 2)

Plaintiff generally alleges that the prison discriminates between HIV inmates and "EOP inmates"[2] because "EOP inmates under mental health and the ADA have their own housing and yard.  HIV inmates under medical and the ADA do not have their own housing and yard."  Plaintiff does not allege any discriminatory intent.

Right to Privacy in Medical Records (Count 2)

Plaintiff generally alleges that defendant Wendell violated his medical confidentiality.  Plaintiff does not explain (1) what Wendell disclosed; and (2) to whom Wendell disclosed.

Due Process (Count 3)

Plaintiff alleges violation of his due process rights in connection with his placement in Ad-Seg, and with the disciplinary violations that he received after he refused the

---

[2]  The Enhanced Outpatient Program, or EOP, "provides care to mentally disordered inmate-patients who would benefit from the structure of a therapeutic environment that is less restrictive than inpatient settings."  See Program Guide Overview, Mental Health Services Delivery System, 2009 Revision, at 12-1-7 to 12-1-8, available at: www.cdcr.ca.gov/dchcs/docs.

5

1  assignment.  Specifically, plaintiff alleges that defendant Muni violated his procedural due
2  process rights when he completed the investigation into whether plaintiff should be placed in Ad-
3  Seg prior to the deadline given by the warden, and then lied to the classification committee about
4  its completion.  In a related issue, plaintiff alleges that defendant Muni's interference caused
5  plaintiff to receive disciplinary infractions, for refusal of assignment.  Plaintiff notes that he was
6  given a SHU term of 9 months, lost privileges on account of the infractions, and had points
7  added to his classification.  He claims that the infractions are therefore moot and should be
8  dismissed.

Plaintiff additionally alleges that an unnamed defendant violated his substantive due process by giving him an infraction for refusal of assignment on February 12, 2010.  Plaintiff claims that the SHU classification investigation was not completed on February 13, 2010.

Plaintiff further alleges that defendant Karelas violated his "objective" due process rights when he failed to come back to complete the investigation with petitioner, no matter what anyone else was doing.

Defamation (Count 5)

Plaintiff alleges that unnamed defendants have defamed him by placing labeling him a gang member with an "R" suffix, even though he has never been convicted of a sex crime.

False Accusations by Unnamed Confidential Informants (Claim 6)

Plaintiff alleges that he has been accused of things that did not happen, and that he does not know fourteen confidential informants.  He additionally alleges that defendant Hernandez offered inmates gifts.  Plaintiff appears to be alleging that defendant Hernandez bribed other inmates, who did not know the plaintiff, into offering false information about the plaintiff; however, he does not describe how this allegedly false information was used or any other consequence of the information flowing to defendant.

\\\\\

\\\\\

Food (Count 7)

Plaintiff alleges that, because he filed complaints against prison officials, defendant Food Manager John Doe served plaintiff food that was not fresh and had maggots in it. It is not clear from plaintiff's complaint whether he was served a single contaminated meal, or whether he regularly received food with maggots.

Right to Invest and to Establish Businesses (Count 8)

Plaintiff alleges that his right to invest and to set up a business is being violated because defendant Couch interfered with his mail, and because defendants Johnson and Couch found plaintiff guilty of illegal business dealings.  Additionally, plaintiff alleges that defendant Johnson violated his due process rights, and that defendant Couch called a bank to tell them that plaintiff was involved in illegal activity.  Plaintiff further alleges that defendants Hicks, Virga, and Couch are not allowing him to open accounts.  Plaintiff argues that he can invest and buy stocks and bonds, and that he now needs "some form of electronic communication with broker, commercial realtor, employees and attorney."  He additionally seeks off-site housing in order to have direct communication with his investment strategy.

In this case, plaintiff has not provided any details about the mail with which defendant Couch allegedly interfered, such as to whom the mail was addressed, or from whom was it sent.[3]

Racial Comments (Count 9)

Plaintiff alleges that defendant D. Aherns subjected him to racial conduct.  While plaintiff does not specify his race, it appears that defendant Aherns makes racially offensive comments to plaintiff about African Americans, and told plaintiff that "I got you moved."

\\\\\

---

[3] The court notes that plaintiff refers to what appears to be an administrative appeal decision in support of his mail claims.  However, a copy of that decision is not attached to the complaint.  See Local Rule 220.

7

Violation of Rights to Participate in Political Process (Count 10)

Plaintiff claims to be the "public policy chairman" for an organization called the "Prime People Party, Inc." He claims that he assists the President/CEO with all agendas, and needs some form of electronic communication (an iPad, laptop, or cellphone) to perform this function.

Plaintiff appears to argue that defendant Virga has improperly violated his First Amendment rights "to voice my beliefs in the political, financial, community, social-networking, and the educational agendas." Plaintiff has not identified a federal constitutional right to be provided with electronic communication to facilitate participation in the political process.

Destruction of Degrees (Count 11)

Plaintiff alleges that defendants Hamad and Gordon, along with non-defendant Department of Education, destroyed his vocational certificates and college degrees by removing them from his central file.

Half-Time Credits (Count 12)

Plaintiff alleges that he is entitled to half-time credits under the new, retroactive California Penal Code 2933.5, and that defendants Kearns, Borges, Kostecky, and Foston engaged in a conspiracy to deny plaintiff his credits.

California Penal Code 2933.5 identifies persons who are ineligible to earn credits on terms of imprisonment under Article 2.5, "Credit on Terms of Imprisonment," providing in part, that every person who is convicted of any listed felony offense, and who had previously been convicted two or more times, on charges separately brought and tried, and who had previously served two or more prison terms of any listed offense, is ineligible to earn credit on his or her term of imprisonment "pursuant to this article."[4]

---

[4] California Penal Code § 2933, also codified under Article 2.5, is the statute section which outlines the California worktime credit scheme. The Ninth Circuit has previously determined that California Penal Code § 2933 "merely creates a possibility of early release; it does not create a constitutionally protected interest...." in worktime credits, though, by operation

1    Plaintiff argues that he is in fact eligible because his current and prior convictions
are exempt from the listed felonies.

   Plaintiff does not provide any details regarding the alleged conspiracy, writing simply that defendants "all engaged in a code of silence in denying plaintiff to receive the ½ time credits." See Complaint at 20.

Analysis

   As noted above, the complaint raises thirteen numbered counts against twenty-three separate defendants.  Some of the numbered counts allege more than one constitutional violation, and some of the actors identified in the plaintiff's complaint are not named as defendants in the action.  In asserting multiple unrelated claims against different defendants (or against some of whom he has not clearly identified as defendants), plaintiff presents the kind of "mishmash of a complaint" that has been roundly repudiated.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different defendants belong in different suits").

   Fed. R. Civ. P. 18(a) provides: "A party asserting a claim, counter-claim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "Unrelated claims against different defendants belong in different suits[.]" Id.

   It is true that Fed. R. Civ. P. 20(a) provides that "[p]ersons ...may be joined in one action as defendants if: (A) any right is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  However, "[a] buckshot complaint that would be rejected if filed by a free

---

of section 2931, prisoners do have a liberty interest in good-time credits  See Toussaint v. McCarthy, 801 F.2d 1080, 1095 (9th Cir. 1986).

person – say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." Id. at 607.

Accordingly, the complaint is dismissed with leave to amend. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).[5] Also, the complaint must allege in specific terms who the named defendants are, and how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Finally, to the extent plaintiff wishes to sue various defendants on unrelated claims, he must raise his claims in separate complaints. See Fed. R. Civ. P. 18(a), 20(a).

Plaintiff is again informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

---

[5] At least two of plaintiff's claims represent challenges to either the result of an administrative disciplinary hearing or to the length of plaintiff's confinement, which claims are the province of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973). To the extent plaintiff seeks federal relief on those claims, he must do so in a petition for habeas corpus under 28 U.S.C. § 2254.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within twenty-eight days from the date of this order, either the $350.00 filing fee or a properly completed application to proceed in forma pauperis on the form provided with this order; plaintiff is cautioned that failure to comply with this order or to seek and extension of time to do so will result in a recommendation that this action be dismissed without prejudice;

2. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action;

3. The complaint is dismissed with leave to file an amended complaint within twenty-eight days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: April 11, 2012

                                        /s/ Gregory G. Hollows
                                    UNITED STATES MAGISTRATE JUDGE

ggh:rb
smit0024.B1