IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD L. SMITH,

      Plaintiff,                No. CIV S-12-0024 GGH P

      vs.

CALIFORNIA STATE PRISON -
SACRAMENTO, et al.
      Defendants.            ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983.  On April 11, 2011, the court dismissed plaintiff's complaint with leave to amend because it improperly sought to raise multiple, unrelated claims against multiple, unrelated defendants.  See Doc. No. 7, citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

        Pending before the court is plaintiff's Motion, made pursuant to Federal Rule of Civil Procedure 27(a)(1), "Deposition Before Action or Pending Appeal."  Generally, this rule authorizes a party to file a verified petition asking for an order to depose a named person in order to perpetuate the subject's testimony.  See Fed. R. Civ. P. 27(a)(1).  The petition must be filed in the district where any expected adverse party resides, and must be served on the adverse party. Id.  In addition, the petition must be titled in the petitioner's name and must show: (1) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought; (2) the subject matter of the expected action and the

1

petitioner's interest; (3) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it; (4) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and (5) the name, address, and expected substance of each deponent. See id.

The current motion does not satisfy the Rule's standards, since it does not, among other things, identify the names, addresses, and expected substance of each deponent. Moreover, plaintiff brings the motion in an already-pending action, one which this court has already determined is not currently cognizable. Instead, the plaintiff alleges that he was recently denied access to the law library, and that prison officials are frustrating his attempts to exhaust his administrative remedies. He accordingly seeks: (1) monetary damages; and (2) injunctive relief: (a) that the "District Courts call prison officials to order them to open the law library as required," (b) that an unidentified person "allow prison grievances on the closure of the law library to go through," (c) that "....this motion be filed in all three districts: Central, Eastern, and Western Dist.,"[1] (d) that the court appoint a "probus et legalis homo," whom plaintiff defines as a true and legal man; (e) that the magistrate judge conduct a telephone interview with the plaintiff; and (f) that plaintiff be provided with a filed copy of the motion.

In other words, plaintiff is seeking to add additional claims to his pending complaints. As noted above, this court has already dismissed plaintiff's complaint with leave to amend because plaintiff improperly sought to raise multiple, unrelated claims and defendants in a single case. The court will not now authorize plaintiff to add yet another unrelated cause of action based on events which took place after the now-dismissed complaint was filed, especially where plaintiff seeks to make these additions, not through a motion to amend his complaint, but through a facially deficient Rule 27 motion.

---

[1] According to the motion, plaintiff has cases pending in the Central and Eastern Districts of California. Plaintiff does not identify the Western district to which he is referring, or why he would need this motion filed in that unidentified district.

Moreover, the court will not authorize any depositions to perpetuate testimony where plaintiff has failed to provide even the most basic information required by the Rule, such as the name of any proposed deponent, or the reasons why plaintiff cannot currently bring an action against prison officials for failure to provide access to the law library. Cf., e.g., In re Petition by Ingenuity 13, LLC, 2012 WL 968080 (E.D. Cal. March 21, 2012) (pre-suit discovery to enable petitioner to determine whether a cause of action exists, and, if so, against whom it should be initiated, is not the proper purpose of a Rule 27 petition). Plaintiff has failed to establish any basis for granting a petition under Rule 27.

Accordingly, IT IS HEREBY ORDERED that plaintiff's "Motion: FRCP 27(a)(1) Deposition Before Action or Pending Appeal" is denied.[2]

DATED: April 25, 2012

       /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb
smit0024.depositions

---

[2] Petitioner has also filed a "Inmate/Parolee Appeal", pursuant to "Federal Rule of Civil Procedure 405(b)." Doc. No. 6. The court notes at the outset that there is no such Federal Rule of Civil Procedure. It is not clear how plaintiff means the court to treat the appeal form, in which plaintiff complains of being unable to call Wells Fargo Bank collect. See id. For the reasons given above, the court will not allow plaintiff to tack on to his complaint a cause of action against any prison official regarding plaintiff's inability to call Wells Fargo Bank. Moreover, because plaintiff's motion specifically refers to taking depositions under Federal Rule of Civil Procedure 27(a), the court will not address whether this inmate appeal is an "appeal" for the purposes of Federal Rule of Civil Procedure 27(b).