IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD L. SMITH,

        Plaintiff,                No. 2:12-cv-0024 AC P

    vs.

CALIFORNIA STATE PRISON - SACRAMENTO, et al.

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff is a state prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has consented to the jurisdiction of the undersigned. <u>See</u> Doc. No. 4.

        By order filed April 11, 2012, the court dismissed plaintiff's complaint with leave to amend. Plaintiff has now filed an amended complaint. By separate order, has identified the colorable claims in plaintiff's amended complaint, and directed service on defendants V. Mini, A. Maserut, T. Woods, Sgt. Baker, Off. Harvey, and J. Bal.

        In this order, the court will direct that the remaining counts against the remaining defendants be dismissed, because plaintiff has failed to cure all the deficiencies outlined in the April 11, 2012 order. In particular, the following counts should be dismissed in their entirety: Counts Four; Five; Six; and Seven. As to counts One, Two, and Three, portions of these counts

1

are not colorable, as described below, and will be dismissed.

The following defendants, named in the original complaint, are not named in the amended complaint and will be dismissed: A. Deems; D. Winslow; Wedell; C. Keems; M. Borges; K. Kostecky; D. Foston; S. Hernandez; Hamad; Gordon; Couch; and T. Virga. The following defendants are named in the amended complaint, and will also be dismissed, as no counts remain against them: Hontz; Sgt. Haring; Off. Karelas; Dr. Hamkar; Off. Ahrens; Ms. Gordon; Ms. Hamad; Mr. Schroeder; Mr. Macomber; and Lt. B. Johnson.[1]

In particular, as to Count One, the court has determined that plaintiff has stated a colorable Eighth Amendment claim against defendants Harvey, Baker, Woods, Maserut, and Mini. However, plaintiff also raises unrelated claims against other defendants. Plaintiff claims that Mr. Schroeder, Mr. Macomber, and Mr. Hontz used deceptive practices to make plaintiff sign off on an enemy, but does not explain how, if at all, this was harmful to plaintiff. Plaintiff additionally alleges that Officer Ahrens used manipulation to get plaintiff moved into a building where he was later attacked, but plaintiff does not describe the manipulation or when it occurred. This claim appears to be a re-characterization of plaintiff's claim, made in his original complaint, that Officer Ahrens subjected plaintiff to racial conduct and told plaintiff "I got you moved." See Doc. No. 7 at 7. As it is unclear from the complaint how these unrelated defendants caused plaintiff to be harmed, or when, plaintiff's Eighth Amendment claims against these unrelated defendants will be dismissed.

As to Count Two, the court has determined that plaintiff has stated a colorable claim against defendant Bal for violation of his Eighth Amendment rights to adequate medical care. To the extent plaintiff sought to name any other defendants under this claim, he has failed to do so, as he only identifies them as "medical staff" or "medical officers," which is insufficient

---

[1] Plaintiff identifies California State Prison-Sacramento as the only defendant in his caption, but does not include the prison in his list of defendants. See Doc. No. 1 at 1, 2. It is therefore unclear to the court whether plaintiff intends to name the prison as a defendant.

to allow the court to direct service.

As to Count Three, the court has determined that the amended complaint states a colorable claim against defendant Mini. However, plaintiff's allegations against Mr. Tim Virga, who is not named as a defendant, and Officer Karelas are not colorable. Plaintiff claims that Virga violated his substantive due process rights by including in an appeal decision a statement about the date upon which an ordered investigation was completed. Plaintiff also claims that Officer Karelas violated his "objective due process rights" when he did not return to plaintiff to complete the ordered investigation. Plaintiff seeks expungement of three separate disciplinary violations. Assuming that these claims can be raised in an action under 42 U.S.C. § 1983, plaintiff's claims against Virga and Karelas are not colorable, as he has not articulated a federal due process right violated by either defendant's behavior.

As to Count Four, plaintiff alleges that, as an HIV prisoner, he is entitled to have a single cell under the Americans with Disabilities Act. However, he has failed to identify a defendant responsible for the alleged violation, instead claiming that "all CSP-Sac prison officials" are obligated to protect him. Because plaintiff does not identify a responsible individual, this count must be dismissed.

As to Count Five, plaintiff asks this court to order his immediate release because, under recent state law, he may be entitled to additional "half-time" credits since his third strike may not be a "violent crime." As noted in the court's April 11, 2012 decision, this claim is not related to any of the other incidents identified in the complaint. Moreover, it appears to be more appropriately raised in a petition for habeas corpus, pursuant to 28 U.S.C. § 2254, after plaintiff has exhausted any state habeas proceedings.

As to Count Six, plaintiff claims that he has been given an "R" suffix even though he was not convicted of a sex crime. Again, as noted in the April 11, 2012 order, it is not apparent how this claim is related to the other incidents described in plaintiff's complaint. Moreover, while plaintiff claims that he was given the suffix because he is "challenging some of

the prisons and staff in condition and conduct," he does not identify who might be responsible for the retaliation. Absent such basic information, the claim cannot proceed.

As to Count Seven, plaintiff alleges that prison officials are infringing his right to invest. Again, as noted in the April 11, 2012 order, this claim is unrelated to any other raised by the plaintiff, and is additionally raised against different defendants. Moreover, it is frivolous, as plaintiff has no right under the First Amendment to invest or to have electronic communication via iPad, cell phone, laptop or email. Moreover, plaintiff's claims against defendants Gordon and Hammad are not colorable, as plaintiff has no right to "rehabilitation, success and hard work under the Fourteenth Amendment.".

Accordingly, IT IS HEREBY ORDERED that, for the reasons given above and in the court's April 11, 2012 order, Counts Four, Five, Six and Seven be dismissed; and that defendants A. Deems; D. Winslow; Wedell; C. Keems; M. Borges; K. Kostecky; D. Foston; S. Hernandez; Hamad; Gordon; Couch; T. Virga; Hontz; Sgt. Haring; Off. Karelas; Dr. Hamkar; Off. Ahrens; Ms. Gordon; Ms. Hamad; Mr. Schroeder; Mr. Macomber; and Lt. B. Johnson be dismissed from this action without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

DATED: November 21, 2012

/s/
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

ggh:rb
smit0024.B3