1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

BERNARD L. SMITH,

No.  2:12-cv-00024 MCE AC P

12

Plaintiff,

13

v.

ORDER

14

CALIFORNIA STATE PRISON
SACRAMENTO, et al.,

15

16

Defendants.

17

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18

U.S.C. § 1983.  This action was initiated on November 28, 2011.  ECF No. 1.  On August 15,

19

2014, the court issued an order dismissing the case and judgment was entered.  ECF Nos. 43, 44.

20

On March 18, 2015, plaintiff filed a motion requesting that his case be "unpublished."  ECF No.

21

46.  The court construes this motion as a motion to seal the case.

22

Pursuant to common law and the First Amendment, the public normally has the right to

23

inspect and copy documents filed with the court.  See Nixon v. Warner Comm., Inc., 435 U.S.

24

589, 597-98 (1978); Globe Newspaper v. Superior Court for Norfolk County, 457 U.S. 596, 603

25

(1982); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212 (9th Cir.

26

2002).  However, public access may be denied where the court determines that court-filed

27

documents may be used for improper purposes.  Nixon, 435 U.S. at 598; Hagestad v. Tragesser,

28

49 F.3d 1430, 1433-1434 (9th Cir. 1995).  Courts should consider "the interests advanced by the

1

1   parties in light of the public interest and the duty of the courts." Id. at 1434 (quoting Nixon, 435

2   U.S. at 602).  The Supreme Court has acknowledged that the decision to seal documents is "one

3   best left to the sound discretion of the trial court, a discretion to be exercised in light of the

4   relevant facts and circumstances of the particular case."  Nixon, 435 U.S. at 599.  "After taking

5   all relevant factors into consideration, the district court must base its decision on a compelling

6   reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."

7   Hagestad, 49 F.3d at 1434 (citing Valley Broad. Co. v. United States Dist. Court., 798 F.2d 1289,

8   1295 (9th Cir. 1986)).  "Documents may be sealed only by written order of the Court, upon the

9   showing required by applicable law."  Local Rule 141(a).  Generally, the content of sealed

10  documents is of a nature that requires the court maintain its confidentiality.  For example, the

11  contents may reveal information that may jeopardize the safety of particular individuals.

12          The facts and allegations that make up this case, including plaintiff's medical conditions,

13  have been a matter of public record since the Clerk of the Court first entered the complaint on the

14  docket on December 7, 2011.[1]  If the court considers the lawsuit that preceded the instant case,

15  some of plaintiff's issues have been a matter of public record since as early as April 1, 2010.[2]  See

16  Smith v. California State Prison – Sacramento, 2:10-cv-00766 KJM DAD P, at ECF No. 1.

17  Plaintiff now argues that the publishing of this case "has caused his medical confidentiality to be

18  exposed to his daughter" and that it is causing the inmates at the prison where he is housed to

19  "laugh and outcast the plaintiff."  ECF No. 46.  He claims that he "is facing extreme inmate

20  population retaliation due to the publishing of this case" and that it creates a danger to him.  Id.

21  Plaintiff put his medical conditions at issue and in public view by filing a lengthy complaint and

22  first amended complaint outlining his medical issues (ECF Nos. 1, 14), and even though the facts

23  associated with this case have been a matter of public record for at least three years, he has not

24  articulated any specific harm he has suffered, other than some embarrassment.  ECF No. 46.

25  ////

---

[1]  The complaint in this case was originally filed as a second amended complaint in Smith v.
California State Prison – Sacramento, 2:10-cv-00766 KJM DAD P, at ECF No. 59.
[2]  Plaintiff's original case was dismissed for failure to exhaust his administrative remedies and the
instant case was initiated after his administrative remedies were exhausted.  Id., at ECF No. 60.

1         The court is faced with cases similar to plaintiff's on a daily basis, which are maintained

2    on the public record.  The general prevention of harassment or ill will, or some unspecified

3    potential future harm, is not sufficient reason to deny public access, especially in light of how

4    long this case has already been a part of the public record.  The Ninth Circuit has held that there is

5    a strong presumption of public access to judicial records.  See Kamakana v. City & County of

6    Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d

7    1122, 1135 (9th Cir. 2003).  A party seeking to file documents under seal bears the burden of

8    overcoming that presumption.  Kamakana, 447 F.3d at 1178.  "The mere fact that the production

9    of records may lead to a litigant's embarrassment . . . will not, without more, compel the court to

10   seal its records."  Id. at 1179 (citing Foltz, 331 F.3d at 1136).  Plaintiff has not met his burden and

11   his motion to seal the case will be denied.

12        Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to seal the case (ECF No.

13   46) is DENIED.

14   DATED: May 1, 2015

15

16   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                                                   3